55 N.W.2d 576 (1952)
BARRETT
v.
BOARD OF TRUSTEES OF TEACHERS' INSURANCE AND RETIREMENT FUND et al.
No. 7307.
Supreme Court of North Dakota.
November 14, 1952.
*577 Johnson & Rausch and Cox, Cox, Pearce & Engebretson, Bismarck, for plaintiff and respondent.
E. T. Christianson, Atty. Gen., and Alvin C. Strutz, Sp. Asst. Atty. Gen., for defendants and appellants.
WIGEN, District Judge.
The plaintiff, Helen M. Barrett, brought this action against the Board of Trustees of the Teachers' Insurance and Retirement Fund of the State of North Dakota and the trustees thereof. The action is for an alternative writ of mandamus requiring the defendants to fix, determine and pay to the plaintiff an annuity under the provisions of Chapter 165, SLND 1947, or to show cause why the same should not be done.
The matter was submitted to the court upon stipulated facts.
The Teachers' Insurance and Retirement Fund of the State of North Dakota was created by Chapter 251, SLND 1913. The original enactment has been subject to amendments from time to time. The act is now Chapter 15-39, NDRC 1943 and supplement thereto.
The plaintiff is more than fifty-five years of age and has been a teacher in the public schools of the State of North Dakota, as the term teaching is defined in Section 15-3901, NDRC 1943, since the year 1901.
Several years prior to July 1, 1947, she had completed twenty-five years of teaching in the public schools of this State and had paid into the Teachers' Insurance and Retirement Fund assessments upon a total salary of $30,109.82. She was then eligible for retirement under the provisions of Section 15-3927, NDRC 1943, without further payment of assessments into the fund, but she continued to teach.
For more than five years next preceding August 15, 1947, she was employed as Deputy County Superintendent of Schools, in and for Stutsman County, North Dakota. From July 1 to August 15, 1947 she earned, in salary as acting Deputy County Superintendent of Schools, in and for said county, the sum of $247.50, upon which amount an assessment was paid into the Teachers' Insurance and Retirement Fund.
On August 15, 1947 she retired from such office of Deputy County Superintendent and notified the Executive Secretary of the Board of her retirement and requested that her pension and annuity be determined and paid to her under the provisions of Section 15-3928, NDRC 1943, as amended by Chapter 165, SLND 1947.
The parties stipulated that the plaintiff has complied with all the laws of the State of North Dakota requisite to her qualification for retirement pension and annuity as a teacher in the public schools of the State of North Dakota.
The defendants refused to grant the petition of the plaintiff for pension or annuity under Chapter 165, SLND 1947, for the reason that she had not been employed as a teacher for a term comprising a school year subsequent to July 1, 1947, the effective date of such Chapter 165. The period of her teaching service after the effective date of the new statute was from July 1 to August 15, 1947 or approximately six weeks.
It is contended, by the defendants, that the plaintiff is entitled to payment of pension *578 and annuity as provided by the law in force prior to July 1, 1947.
Section 15-3928, NDRC 1943, which was the law in force prior to July 1, 1947, provides:
"Each teacher who shall have retired from service in the public schools, or state institutions under the provisions of section 15-3927 shall be entitled to receive an annuity as follows:
"1. If said teacher shall have attained the age of fifty-five years at the time of applying for the annuity, he, annually and for life, shall be entitled to receive as an annuity a sum equal to one-fiftieth of his average annual salary for the years of service for which assessments were paid, multiplied by the whole number of years of service as a teacher. Said annuity, however, shall not exceed seven hundred and fifty dollars in any one year nor be less than three hundred and fifty dollars in any one year and shall be subject to all the provisions of this chapter: * * *."
This law was amended by Chapter 165, SLND 1947 and provides:
"Each teacher who shall have retired from service in the public schools, or state institutions under the provisions of section 15-3927 shall be entitled to receive an annuity as follows:
"1. If said teacher shall have attained the age of fifty-five years at the time of applying for the annuity, he, annually and for life, shall be entitled to receive as an annuity a sum equal to two percent of the total earnings as salary for the years of teaching service for which assessments were paid. Said annuity, however, shall not exceed twelve hundred dollars in any one year nor be less than six hundred dollars in any one year and shall be subject to all the provisions of this chapter; * * *."
The instant action was commenced in January 1951. By Chapter 148, SLND 1949, the privileges of a teacher who had retired were materially altered. Section 9 of said Chapter 148 is now Section 15-3928, NDRC 1949 Supp. Paragraphs b, c, and d of Subsection 2 thereof outline changes made in the former statute and provide as follows:
"b. A teacher who has completed all requirements for retirement previous to July 1, 1947, and does not teach after July 1, 1947, must retire under the provisions of the Insurance and Retirement Fund Act in effect prior to July 1st, 1947.
"c. A teacher who has completed all requirements for retirement previous to July 1, 1947 and continues to teach shall have the option of electing to qualify under either the law in effect after July 1, 1947, or the one in effect previous to that time.
"d. A teacher in service after July 1, 1947, who had previous to that date completed all requirements for retirement under the Insurance and Retirement Fund Act may at his own option pay into the Fund assessments on salaries earned between the date of completing payments and July 1, 1947. The rate of payment shall be six percent on the total salary earned, plus 6 percent interest on such assessments per annum."
The plaintiff had for more than five years next preceding her retirement on August 15, 1947, been engaged in employment equivalent to teaching without interruption up to date of her retirement.
There is no ambiguity in the language employed by the Legislature. The plaintiff had met all requirements of the law that qualified her for retirement prior to July 1, 1947, but she continued to teach.
Continue is defined by Webster, "to remain in a given place or condition." "The words `continue in office' imply, not the beginning of a new and different holding, but the prolongation of the one already existing. To continue in office means to remain in it, * * *." 9 Words and Phrases, page 166.
The secretary of the Teachers' Insurance and Retirement Fund determined that plaintiff would be required to pay *579 $925.09 into the fund in order that she might receive an increased annuity provided by the 1947 statute. This sum she has tendered. The trial court found that the present Executive Secretary of the Teachers' Insurance and Retirement Fund has determined that the sum of $1,529.24 with interest thereon must be paid as interim assessment. The correctness of this finding has not been questioned and the plaintiff tenders that amount into court. The plaintiff contends for the privilege of paying the additional assessment necessary to receive the increased annuity. She does not seek to benefit from the provisions of the new law without paying the costs in increased assessment.
The additional assessment to be paid must be determined by the officers of the Teachers' Insurance Retirement Fund. The stipulation of facts does not show the amount of salary earned prior to July 1, 1947 upon which no assessment was paid. When the calculated assessment shall have been paid by the plaintiff she is entitled to receive an annuity as provided by Chapter 165, SLND 1947, and it shall be the duty of the officers in charge of the Fund to make such payments to the plaintiff.
The judgment of the District Court is affirmed.
MORRIS, C. J., and BURKE, CHRISTIANSON, and GRIMSON, JJ., concur.
SATHRE, J., disqualified, did not participate, Hon. J. O. WIGEN, Judge of Sixth Judicial District, sitting in his stead.